## SAVANNAH, FLORIDA AND WESTERN RAILWAY COMPANY v. HUMPHREYS.

1. In a suit by an employee of a railroad company for breach of an agreement by which, he alleges, the company through one of its agents agreed to pay him a certain sum for rent of a house in which he resided, he is not entitled to recover unless he shows by evidence that the agent who made the contract had authority to do so and to bind the company, or that there was a ratification of the agreement by the company.

2. The fact that the company paid plaintiff his daily or monthly wages for his work upon its road-bed was not sufficient to amount to a ratification of the agreement to pay his house rent in addition, unless it was shown that the company had notice of this latter portion of the agreement made, without authority, by its agent.

Argued January 7, — Decided February 6, 1902.

Action on contract. Before Judge Fite. Thomas superior court. July 1, 1901.

C. M. Smith and D. H. Pope, for plaintiff in error.
W. M. Hammond, contra.

SIMMONS, C. J. In 1896 Humphreys brought his action against the defendant railway company, alleging that in 1889 he made a contract with a certain supervisor of the defendant's road, whereby it was agreed that, for his work, he should receive $1.75 per day and a house to live in; that the defendant had broken this contract by failing and refusing to furnish him with a house as agreed, or to pay him for the rent of the house in which he resided. The defendant denied that any such contract was made, and also denied that the supervisor had any authority to bind the company by contracting to furnish plaintiff with a house to live in. On the trial the jury returned a verdict in favor of the plaintiff. The defendant moved for a new trial, and, when the motion was overruled by the judge, excepted.

1. One of the grounds of the motion complained that the verdict was contrary to the evidence, because there was no evidence going

to show that the supervisor, with whom the contract was alleged to have been made, had any authority to bind the company to furnish plaintiff with a dwelling-house or to pay his house rent. We have carefully examined the evidence in the record, and find no evidence that the agent had such authority. The plaintiff testified that he and the supervisor did, as a matter of fact, enter into such an agreement; that the defendant had some houses but all of them were occupied, and the supervisor told him to rent a house or to occupy one of his own, and the company would pay him rent therefor. The supervisor denied having made such a contract, and further testified that if he had attempted to do so the contract would not have been binding on the company, for the reason that he had no authority whatever to make it. There was no evidence at all showing that the supervisor had such authority. It was claimed in the argument here that, inasmuch as the supervisor had authority to employ hands to work upon the road-bed, the authority to agree to pay house rent for one of his hands would be implied. That might be true if the company had given the supervisor the power of a general agent in this regard; but there is no proof in the record whether his powers were general or special, and we can not infer that he had general powers so broad as to include by implication the authority to agree to pay house rent for the men he employed. Indeed the record does not even show that the supervisor had authority to employ hands, nor is there any proof as to what were his duties as supervisor. Inasmuch as the company paid the plaintiff wages for his work, it could be inferred either that the supervisor had power to employ him or else that the company ratified the contract to this extent. Corporations act entirely through their agents. They have agents in different departments of their service. Whether these agents have power to make certain contracts depends entirely upon the powers given them by the corporation. When one of them makes a contract, the corporation is bound only when the making of the contract was within the power of the agent, or when the contract has been, with full knowledge of the facts, ratified by the corporation. The power of an agent to employ one or more laborers to work upon the road-bed of a railway company does not necessarily imply power to agree to pay the rent of their dwelling-houses.

2. It appears that the defendant company did pay the wages of

the plaintiff for nearly six years, but that it did not give him any compensation for house rent. It does not appear that any authorized agent had any notice of the alleged contract to furnish plaintiff with a house or to pay his house rent. It is true there was some correspondence between the supervisor who employed him and the defendant's roadmaster, in which the supervisor informed the roadmaster that plaintiff had been occupying a house of his own for a long time, and asked the roadmaster to furnish him a house free of rent. The roadmaster replied that he would try to have a house erected for the plaintiff. There is no intimation in this correspondence that the roadmaster had any notice of the contract to furnish plaintiff a house. The payment of the plaintiff's cash wages by the defendant, without any notice of the agreement to pay house rent, can not, we think, amount to a ratification of the entire contract. We can not hold that there was any ratification as to that part of the contract of which the defendant had no notice.

*Judgment reversed. All the Justices concurring.*